**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JASON S. SMITH,**

                        **Plaintiff,**

**-vs-**                                                            **Case No. 6:10-cv-1478-Orl-31KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

                        **Defendant.**

_____

# ORDER

On November 1, 2011, Magistrate Judge Spaulding entered a Report and Recommendation (Doc. 17), recommending that the decision of the Commissioner denying benefits to the Plaintiff be AFFIRMED. Plaintiff filed timely objections to the Report (Doc. 20). Defendant responded (Doc. 21). Upon *de novo* review of the above, the Court concurs with the recommendation of the Magistrate Judge.

The Plaintiff contends that the ALJ's conclusion that he could return to his previous work was not properly supported. He argues that, having found at step two of the process that the Plaintiff suffered from moderate difficulties in maintaining concentration, persistence or pace, the ALJ was obligated to take those difficulties into account at step four of the process, and did not do so (primarily because he did not include those limitations in a hypothetical question posed to a vocational expert).

However, the main case on which the Plaintiff relies, *Winschel v. Commissioner*, 631 F.3d 1176, 1179 (11th Cir. 2011), was decided at step five of the process. At step five, the ALJ is

obligated to rely upon the VE's testimony (or the Medical Vocational Guidelines, which were not utilized in *Winschel*), and therefore the VE must consider all relevant limitations. A step four decision is based on all of the relevant medical and other evidence in the case. At step four, so long as that other evidence supports the decision, the ALJ is not obligated to consult a VE or to insure that every piece of evidence considered takes into account any limitations identified at step two. In this case, the ALJ relied on record evidence from two physicians (Dr. Graham and Dr. Zelenka) that demonstrated that the Plaintiff could perform simple, routine, repetitive tasks despite the limitations identified at step two. It is, therefore

**ORDERED** that:

1. The Report and Recommendation of the Magistrate Judge is Adopted and Confirmed;

2. The decision of the Commissioner is **AFFIRMED**.

3. The Clerk is directed to enter judgment in favor of the Defendant and close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 14, 2011.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Magistrate Judge
Counsel of Record
Unrepresented Party